# Prinz v. Lucas, Appellant.

*Negligence—Parties—Trusts and trustees.*

Where a deed of trust gives to the trustees power to conduct a business and deal with the trust property as if they were absolute owners thereof, but without any personal liability or responsibility for the negligence of employees, the estate, and not the trustees, is liable for the negligent act of a driver of a team employed in the business.

*Negligence—Master and servant—Driver of wagon.*

Where a driver makes such a short turn that the tailboard of his wagon projects over the edge of the sidewalk and crushes a boy on the sidewalk between the wagon and an iron post with such force as to kill the boy and bend the post, the owners of the wagon will be responsible in damages for the death of the boy.

Submitted Jan. 5, 1905. Appeal, No. 146, Jan. T., 1904, by defendants, from judgment of C. P. No. 5, Phila. Co., Sept. T., 1901, No. 3320, on verdict for plaintiffs in case of Ferdinand Prinz and Amelia Prinz, his wife, v. William H. Lucas and Albert Lucas, trustees, trading as John Lucas & Company. Before DEAN, FELL, BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Trespass to recover damages for death of a boy.  Before MARTIN, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict and judgment for plaintiffs for $2,000. Defendants appealed.

*Error assigned* was in refusing binding instructions for defendants.

*William W. Smithers*, for appellant.—The defendants having been sued as trustees could not be held as such under the law: Fire Ins. Patrol v. Boyd, 120 Pa. 624; Keating v. Stevenson, 21 App., Div. 604 (47 N. Y. Supp. 847); Parmenter v. Barstow, 22 R. I. 245 (47 Atl. Repr. 365).

Plaintiff's own testimony showed due care on the part of the wagon driver: Stearns v. Ontario Spinning Co., 184 Pa. 519; Baran v. Reading Iron Co., 202 Pa. 274; Oil Co. v. Penna. Torpedo Co., 190 Pa. 350; Dennison v. Iron Co., 22 Pa. Superior Ct. 219.

The measure of a boy's responsibility for contributory negligence is his capacity to see and appreciate danger; and the rule is that, in the absence of clear evidence of the lack of it, he will be held to such measure of discretion as is usual in those of his age and experience, the measure varying of course with each additional year: Kehler v. Schwenk, 144 Pa. 348.

*Edward Brooks, Jr.*, and *Frederick J. Geiger*, for appellees.— The trust estate of John Lucas is liable in this suit: Barton v. Barbour, 104 U. S. 126; Kain v. Smith, 80 N. Y. 458.

The driver of the wagon was guilty of negligence: Pass. Ry. Co. v. Foxley, 107 Pa. 537; Jones v. Traction Co., 201 Pa. 344; McCloskey v. Ice Co., 174 Pa. 34; Wolff Mfg. Co. v. Wilson, 46 Ill. App. Ct. Rep. 381; Dunham Towing, etc., Co. v. Daudelin, 41 Ill. App. Ct. Rep. 175.

The fact that the post was bent is evidence from which negligence may be inferred: Gress v. Ry. Co., 14 Pa. Superior Ct. 87; Hooper v. United Traction Co., 17 Pa. Superior Ct. 638; Dennison v. North Penn Iron Co., 22 Pa. Superior Ct. 219.

OPINION BY MR. JUSTICE POTTER, February, 20, 1905:

The defendants in this case, William H. Lucas and Albert Lucas, were sued as trustees, trading as John Lucas & Co. Counsel for plaintiff offered in evidence the deed of trust executed by John Lucas of March 28, 1900. Under its express provisions, the trustees were empowered to deal with the property as if they were the absolute owners thereof. It is also

provided that no responsibility whatever shall result to them by reason of misconduct of agents or employees, and also " for negligence, there shall be no liability or responsibility " upon the part of the trustees. It was clearly intended that the risk of any loss in this respect should be assumed and borne by the estate.

The business of the defendants was the manufacture and sale of paints. On September 24, 1901, their driver was sent with the delivery wagon to take some goods to the plaintiff, Ferdinand Prinz. The driver arrived with the articles at Prinz's place of business, 639 North 8th street, about five o'clock in the afternoon. As he came up to the front of the house, which was on the east side of the street, he was met by Harry Prinz, plaintiff's son, a boy twelve years of age, who directed the goods to be taken around to the back entrance. The driver proceeded a little further northward, and turned his wagon when opposite an iron hitching post, which stood near the edge of the sidewalk, about thirteen inches from the edge of the curb. What followed is thus described in the language of a witness, Rachael Longacre : "I was sitting on the steps of 645 North 8th street, and a wagon was in front of Mr. Prinz's house and Harry was standing against the post on the gutter side, and there was a boy in the wagon, and the tailboard was out, and the wagon backed and squeezed him between the post and the tailboard, and he fell." Another witness testified that " Harry was standing against the post, and he told the man to go around back with the goods and the man made a sharp turn and squeezed Harry with the post." The injuries which he received resulted in his death.

The trial judge held that the evidence was sufficient to justify the jury in finding that the driver was guilty of negligence which caused the accident. It is clear that he made so short a turn that the tailboard of the wagon projected over the edge of the sidewalk and came in contact with the iron post with such force as to bend it. Obviously, it was the duty of the driver to so turn his wagon as to avoid a collision with persons or property on the pavement. This could readily have been done by an ordinarily careful man in the usual management of his team. It was certainly not necessary for him to have made so short a turn. He could have driven

further out into the street, or even across to the other side, and thus have avoided all possibility of collision with the tailboard. There seems to be no evidence in the case as to the boy intruding himself between the wagon and the post; but, at any rate, that would have been a question for the jury as to contributory negligence.

The evidence was ample to justify the jury in finding that the wagon in turning actually pushed an iron hitching post four or five inches out of the perpendicular. This in itself, under the circumstances, would be strong evidence of negligence. The driver had absolute control of his horses; there was no occasion for undue haste, and he was slowly turning his wagon around when the collision took place. If the hitching post had been the support of the roof of an awning, and the awning had been knocked down, thereby destroying property stored underneath, it would hardly have been pretended that the action of the driver was not negligent. The accident in this case did not occur at a crossing, nor was the injured boy upon the street. He was upon the sidewalk; a place which is ordinarily set apart for the use of pedestrians alone. There was no occasion to anticipate that the driver would turn in such a way as to extend any portion of the wagon over the pavement.

The trial judge refused the request of defendants for binding instructions, but left the questions of negligence and contributory negligence to the jury. He said, however, to the jury that the burden was on the plaintiffs to show that the boy's death was occasioned by negligence on the part of the driver of the defendants. We can see no error either in the fact, or in the manner of the submission of the case to the jury.

The assignments of error are overruled and the judgment is affirmed.