# DeKyne v. Smith, Appellant.

*Negligence—Reckless driving of wagon—Allegata—Probata.*

1. When a person is crossing a public street at the usual place for crossing, and he is knocked down and injured by the reckless and rapid driving of a team attached to a wagon, and he alleges in his statement of claim that reckless and rapid driving ran the wagon over, into and upon him, he sustains the cause of action alleged by showing that without fault of his he was negligently and carelessly knocked down and injured by any part of the wagon, and it makes no difference whether the wagon was literally driven over him, or whether it skidded or slewed and its rear end struck him.

2. In such a case where the plaintiff substantially proves the averments of his statement of claim, although such averments are flatly contradicted by the defendant's witnesses, the case is for the jury.

Argued Oct. 22, 1909. Appeal, No. 96, Oct. T., 1909, by

12      DeKYNE *v.* SMITH, Appellant.

Statement of Facts—Opinion of the Court.    [42 Pa. Superior Ct.

defendant, from judgment of C. P. No. 2, Phila. Co., June T., 1907, No. 2,075, on verdict for plaintiff in case of John J. DeKyne v. George Smith.  Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before BARRATT, J.

The facts are stated in the opinion of the Superior Court.

Defendant presented the following points:

1. If the plaintiff, having seen the defendant's wagon approaching the crossing while still five yards distant from him, saw, or by the exercise of reasonable care could have seen the track or tracks in the bed of the street and had knowledge that " when the forepart of the wagon struck the railroad tracks and the horses turned, naturally anybody knows that a wagon would skid around," he, the plaintiff, is chargeable with such knowledge, and if, by stepping backwards a reasonable distance under the circumstances, he could have put himself in a position of safety and avoided contact with the wagon of the defendant and failed to do so, the verdict should be in favor of the defendant.  *Answer:* Refused. [1]

4. That under all the evidence in this case the verdict should be for the defendant.  *Answer:* Refused. [2]

Verdict and judgment for plaintiff for $350.  Defendant appealed.

*Errors assigned* were (1, 2) above instructions, quoting them.

*Peter M. MacLaren,* with him *John E. McCully,* for appellant.

*Hugh Roberts,* with him *Charles H. Roberts,* for appellee.

OPINION BY MORRISON, J., March 3, 1910:

In this action of trespass, based on the alleged negligence of the defendant, there was a motion for a binding instruction in favor of the defendant, and thereafter motion for judgment

n. o. v. in favor of the defendant. The learned court refused binding instructions in favor of the defendant and refused judgment non obstante veredicto, and entered judgment on the verdict in favor of the plaintiff for $350.

We find in the record no exception to the general charge and no exception to the refusal of judgment non obstante veredicto, but the defendant did except to and assign error to the refusal of the court to affirm his first and fourth points.

The statement of the questions involved, made by appellant's counsel, is as follows: 1. "Did the learned trial judge exercise a sound discretion in declining defendant's fourth point of charge, that under all of the evidence in this case, the verdict should be for the defendant?" 2. "Variance between the declaration and proofs. Statement avers the reckless driving of defendant's wagon 'over, into and upon' him, as sole cause of action. Can plaintiff be permitted to recover on the ground that the injury was caused by the skidding of defendant's wagon, there being nothing in the evidence to show that such skidding was in any manner unusual?"

It seems to us that this case was clearly for the jury. We will first consider the question raised by the first paragraph of the statement of questions involved (second assignment of error). The declaration averred the negligent and reckless driving of defendant's wagon over, into and upon plaintiff. From the plaintiff's own testimony the jury could well find that the defendant's servant was driving recklessly and at great speed across one of the public streets in the city of Philadelphia at and near a crossing for foot passengers, and that without negligence on the part of the plaintiff, he was knocked down and seriously injured as a result of the skidding or slipping of defendant's wagon while it was rapidly moving diagonally across the street. With the evidence of the plaintiff before the jury, we are unable to understand how the court could have given a binding instruction in favor of the defendant. It is true the testimony of the defendant's servant, who was driving the team, is in flat contradiction of plaintiff's testimony as to the rapid and reckless driving. If the jury had believed the testimony of this servant they

could hardly have found the defendant guilty of negligence. But a policeman was called as a witness and he, in a measure, contradicts both the plaintiff and the defendant's driver. The policeman says the team was being driven on a trot, not walking as the driver testified, and not going at a very rapid gait as the plaintiff testified. Now all of this testimony presented a case for the jury and it was submitted to them in a charge which is fair and impartial and entirely adequate. We are all of the opinion that the court committed no error in refusing the defendant's fourth point, "that under all the evidence in this case the verdict should be for the defendant."

The other question involved, as stated by appellant's counsel, is an endeavor to reverse the court below on a distinction that is too fine to stand the test of a fair and practical application of the testimony to the cause of action set forth in the declaration. The contention of the learned counsel is that because the declaration charged that the defendant did "negligently and carelessly, without any warning or signal to the plaintiff, at a dangerous and reckless rate of speed, run, propel and drive one of said large and heavy wagons or trucks, drawn by two horses, over, into and upon the plaintiff, so that plaintiff was struck with great force and violence and thrown to the pavement of said street and under the wheels of said wagon or truck, and under the hoofs of the said horses," etc., therefore, there could be no recovery because there is a material variance between the allegata and probata. The counsel then complains because the trial judge left it to the jury to find whether or not the defendant was liable. This, he says, the jury could only do by finding that the skidding of the rear end of defendant's wagon alone caused the contact between it and the plaintiff, and there was no evidence to justify such a finding, the plaintiff himself testifying that he could not say what part of the wagon struck him. We understand the contention to be that if the jury could find that the defendant's team was driven so rapidly diagonally across the street that the rear end of the wagon skidded or slid and struck the plaintiff and knocked him down, that there could be no recovery because the declara-

tion charged negligent and rapid driving over, into and upon the plaintiff. The counsel attaches much importance to the plaintiff's testimony that he could not say what part of the wagon struck him. But the evidence is quite sufficient to warrant the jury in finding that the plaintiff was struck and injured by some part of the wagon as a result of the rapid and diagonal driving testified to by plaintiff. We are all of the opinion that the plaintiff's testimony, supplemented by that of the policeman, is sufficient to sustain the verdict on the theory that the case was submitted by the court, and we are also of the opinion that this cause of action is sufficiently indicated in the declaration. When a person is crossing a public street, at the usual place for crossing, and he is knocked down and injured by the reckless and rapid driving of a team attached to a wagon, and he alleges in his declaration that reckless and rapid driving ran the wagon over, into and upon him, we think he sustains the cause of action alleged in the declaration by showing that without fault of his he was negligently and carelessly knocked down and injured by any part of the wagon,. and we do not think it makes any difference whether the wagon was literally driven over him or whether it skidded or slewed and its rear end struck him. In our opinion, the plaintiff's declaration concisely stated his cause of action, and there was evidence sustaining that cause of action, provided it was believed by the jury.

We do not understand the appellant's counsel to contend that the judgment should be reversed on their first assignment of error. We reach this conclusion from the statement of questions involved and from the printed argument. It may be that the learned court might have affirmed the defendant's first point (first assignment). But when we read the charge, which was not excepted to, we find that the case was so adequately and fairly submitted to the jury, and the ground covered by this assignment so carefully considered in the charge, that we cannot see how any harm could have resulted to the defendant from the refusal of defendant's first point. To have affirmed that point would not have placed the alleged negligence of the plaintiff before the jury any

clearer than was done by the general charge. We are all of the opinion that the record is free from reversible error.

The assignments of error are all overruled and the judgment is affirmed.