# Everett *v.* Sturges, Appellant.

*Negligence—Evidence—Contributory negligence.*

1. In an accident case it is not necessary for the plaintiff to show by affirmative evidence that he was free from contributory negligence. All he is required to do is to present a case which, on its face, does not show contributory negligence.

*Negligence—Automobile—Killing horse—Contributory negligence—Case for jury.*

2. In an action against an owner of an automobile for the killing of a horse, it appeared that at the time of the accident plaintiff was driving a buggy in a city street leading the horse that was killed behind a buggy. He found himself in the rear of two coal wagons which were keeping to the right, so that he was compelled to turn to the left. After passing one wagon and being still opposite to the second, he saw an automobile approaching at a rapid rate, with one wheel in the car track. Finding that he had not room between the automobile and the coal wagon, he turned further to the left until he came within two feet of the curb. The automobile passed the buggy, then inclined to the right and struck the horse. *Held,* that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

*Practice, C. P.—Trial—Points—Rule of court.*

3. Where a rule of court required that "a copy of the points shall be presented to the court and a like copy to the opposing counsel before the close of the argument to the jury," a point presented by the defendant during the final argument of the plaintiff, is presented too late, and the refusal of the trial judge to answer is not reversible error.

Argued March 7, 1911. Appeal, No. 1, March T., 1911, by defendant, from judgment of C. P. Lackawanna Co., March T., 1908, No. 1,007, on verdict for plaintiff in case of Frank E. Everett v. Clarence B. Sturges. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for the death of a horse.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $750. Defendant appealed.

*Errors assigned* were instructions quoted in the opinion of the Superior Court.

*Frank E. Donnelly*, with him *James Gardner Sanderson*, for appellant.

*Chas. McMeans*, for appellee.

OPINION BY BEAVER, J., April 22, 1911:

Notwithstanding the twenty-four assignments of error, there is nothing unusual in this case, and nothing specially remarkable in the manner of its trial.

It was an action of trespass to recover the value of a horse owned by the plaintiff, from the defendant who was the owner of an automobile which came into collision with the horse and fractured one of its hind legs in such a way that, by the advice of competent veterinary surgeons, it was killed.

Was the automobile run in a negligent way? And was the accident caused by the negligence of the chauffeur who was in charge of it? Was the driver of the vehicle behind which the horse was led negligent in any way in the use of the street? Was the chauffeur acting under the authority of the defendant, and was the defendant responsible for his acts and liable for the injury? These were all questions of fact. They were fairly submitted to the jury.

The driver of the plaintiff, after entering the city of Scranton, found himself in the rear of two coal wagons which, according to the rule of the road, kept to the right, and he, in order to pass them, was, of course, compelled to turn to his left. After passing one wagon and being still opposite to the second, he saw an automobile approaching at a rapid rate, with one wheel in the track of the street railway. Finding that he had not room between the automobile and the coal wagon, instead of keeping to the right, he turned further to his left, so as to approach very near— one witness says within two feet of the curb. The auto-

mobile passed the buggy in which he was driving safely, but, according to the testimony of one witness, inclined to the right after passing the buggy and struck the horse, which was being led, on its hind leg, breaking the bone at the gambrel joint in such a way that it was clearly necessary to kill the horse.   This was done and the action is brought to recover its value.

We have carefully read all of the assignments of error but cannot find, either in the portions of the charge to which exceptions were taken, or in the answers to the points, which were numerous on both sides, any reversible error.

There was positive evidence of negligence on the part of the chauffeur.   The testimony of the plaintiff did not reveal contributory negligence.   The defendant, of course, endeavored to bring out a state of facts upon which contributory negligence might be inferred, but both questions were undoubtedly for the jury.   The testimony in regard to the responsibility and liability of the defendant for the acts of the chauffeur, notwithstanding the fact that he had two friends with him in the ride which was taken, as he testified, for the purpose of testing the automobile, as was his habit, was such that it was for the jury.

The value of the horse was for the jury and the testimony in regard to these questions was fairly submitted.

The twelfth assignment of error covers the defendant's first point, which contains three distinct propositions. If the defendant wished them answered separately, he should have embraced them in different points.   The point is: "In order to recover, the plaintiff must convince the jury by fair weight of the evidence, that (1) the accident was caused by the negligence of the defendant's chauffeur; (2) that the plaintiff's driver was free from any negligence contributing in the slightest degree to the accident; (3) that the accident was the natural and proper consequence of the negligence of the defendant's chauffeur."   This was answered: "That is refused, for this reason: The second paragraph of the request asks me,

in effect, to say to you, that the plaintiff must affirmatively prove a case free from contributory negligence on his part. Now, the law does not require him to do that; it simply says that if in the development of the case, whether for plaintiff or defendant, it appears to the jury that it was not free from contributory negligence—if he did anything which in any degree contributed to the accident, then he cannot recover; but this request, as I say, implies that it is the legal duty of the plaintiff, before he can recover, to establish a case by affirmative evidence that disproves negligence on his own part; for that reason, it cannot be affirmed."

As we understand the point and answer, this is strictly correct. It is not necessary in any case to show, by affirmative evidence, that the plaintiff was free from contributory negligence. He must present a case which, on its face, does not show contributory negligence or, in the language used by the books, is free of contributory negligence, but it is not necessary to do this by affirmative proof. It is not necessary to prove a negative. If there is no evidence which shows contributory negligence, it is a sufficient compliance with the rule.

In answer to the defendant's seventh point, which was: "If the plaintiff was guilty of any negligence contributing in the slightest degree to cause the accident, then there can be no recovery and the verdict must be for the defendant," the court said: "I have already tried to say to you that much. If this driver, Walker, did anything, or omitted to do anything which, as a prudent driver, he ought or ought not to have done, and his so doing or his omission so to do helped to bring on the accident, that would be what the law calls contributory negligence, without any regard to whether his negligence was greater than that of the automobile driver or not; any degree of contributory negligence on the part of the plaintiff or his driver would bar a recovery, provided, that contributory negligence helped to bring on the accident." Thus we have brought to the attention of the jury, in a sufficiently

clear and satisfactory way, the law relating to contributory negligence.

The appellant, in his thirteenth assignment of error, finds fault with the answer of the court to his second point. The statement of the point and the answer show clearly that the point, as the court understood it, was practically affirmed. There is no qualification attached to the answer. The first part of the answer perhaps carries with it some criticism of the clearness of the point to the mind of the judge, but the affirmation of it is practically all that was asked by the point, as we understand it. The point was this:

"The rights of horses and automobiles in the use of the public streets of the city of Scranton are equal, mutual and co-ordinate. Each is under the obligation to use ordinary care and each has the right to expect that such ordinary care will be exercised by the other, and to rely upon this in determining his own method of using the public road." This was the answer: "That is somewhat confusing, and obscure to my mind, but according to my understanding of it, it can be affirmed, and is so affirmed; that is to say: it is true that their mutual rights in the use of the streets are, in law, equal; each has an equal right to use a public highway, but each must use it so as not to injuriously interfere with the other's right, and each must exercise a degree of care commensurate with the danger of the agency that he himself is using; so that, as between a pedestrian on the highway and a man driving an automobile, it would naturally occur to you that the man with the automobile, in a certain sense, exercises a higher degree of care in the use of that machine than the pedestrian does in the use of his feet and legs in walking along the street; the same might be true as between a man driving a well-broken and safe horse along the street, and the man driving an automobile; there is some difference in the comparative power and the operation of the two things. While a great man has said that a horse is the most perfect specimen of a locomotive that was ever made, yet for our

practical purpose it is hardly a locomotive in the same sense than [as?] an automobile is; looked at from the standpoint of construction or operation, the motor car is a locomotive, and as such you can see that the law wisely says that he who operates a motor must exercise a degree of care in its use, proportionate to the dangerous agency in his hands, and proportionate to the danger that the operation of that machine on the street exposes the other travelers to."

The twentieth assignment of error relates to the refusal of the court to answer point No. 11½, because it was not presented in time. The rule in Lackawanna county governing the presentation of points is this: "Points upon which the court is desired to charge the jury shall be in writing. A copy of the points shall be presented to the court and a like copy to the opposing counsel before the close of the argument to the jury." This point was presented after the defendant had closed and during the argument of the plaintiff. Of course, the plaintiff was entitled to address the court in regard to the point presented, but, in order to do so, it should have been offered for examination before he commenced his argument. We think, therefore, the construction of the rule, as made by the court below, was a fair one, and, inasmuch as courts are the best judges as to the construction of their own rules, we do not consider that there was any reversible error in the refusal of the court to answer the point.

A number of the assignments cover more than one subject, such as the fifth.

Several assignments, such as the eighth, relate to the failure of the court to comment upon the testimony of certain witnesses and to point out the weakness thereof, but we fail to find any bias, prejudice or lack of clearness or fullness on the part of the judge in commenting upon the testimony, and where failure to do so is complained of, the attention of the court should have been called to the subject at the time, so that the remedy could have been applied immediately.

The defense excepts to the language of the court in regard to the question of allowance by reason of the detention of the damages suffered by the plaintiff. We think the court covered this question in accordance with well-settled law and the verdict of the jury would seem to indicate that they allowed nothing, or at least failed to indicate that they made any particular allowance for the detention.

The testimony of the plaintiff as to the value of the horse was that it was worth $1,000. The defendant placed its value as low as $125. The verdict was for $750, so that the jury disregarded the testimony of both sides and fixed their own estimate as to value, as was their right and duty as clearly indicated by the court.

We have not followed the assignments of error consecutively nor separately, but we think that, taking the charge as a whole and the answers to the points presented by both sides, the jury had a clear and distinct idea of the question involved and submitted for their finding, and we cannot say, upon a careful reading of all that the court said, that they were misled to any extent or to such a degree as would justify a reversal of the judgment.

Judgment affirmed.