# McGettigan *v.* Quaker City Automobile Company, Appellant.

*Negligence—Automobiles—High speed—Sharp turn—Sluing of machine.*

Where the driver of an automobile in a city street turned his machine with such speed near the curb as to cause the rear part of the automobile to skid or slue and the top of it to project on to a sidewalk so as to strike a boy and kill him, the owner of the automobile will be liable to the parent for damages for the death of the child, if it appears that there were no conditions making it necessary for the driver to make such a short turn under high speed.

Argued Oct. 17, 1911. Appeal, No. 3, Oct. T., 1911, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1907, No. 563, on verdict for plaintiff in case of Margaret McGettigan, Administratrix of the Estate of Charles McGettigan, deceased, and James McGettigan, father of said Charles McGettigan, v. Quaker City Automobile Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Trespass to recover damages for the death of a boy eight years old. Before MAGILL, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for Charles McGettigan's administratrix for $1,000, and for James McGettigan for $313.50. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Alex. Simpson, Jr.,* with him *George J. Edwards, Jr.,* and *Franklin L. Lyle,* for appellant.—The case most nearly like the present, which counsel have been able to find, is: Wing v. London General Omnibus Co., R. L. 2 King's Bench Div. (1909) 652.

*Lester B. Johnson,* for appellee.—The case was for the jury: Prinz v. Lucas, 210 Pa. 620; McCloskey v. Ice Co., 174 Pa. 34; Casey v. Express Co., 214 Pa. 1; DeKyne v. Smith, 42 Pa. Superior Ct. 11; May v. Allison, 30 Pa. Superior Ct. 50; Martin v. Vare, 212 Pa. 83; Cronmuller v. Evening Telegraph, 232 Pa. 14; Foote v. American Product Co., 195 Pa. 190.

OPINION BY HENDERSON, J., March 1, 1912:

The accident out of which this action arose occurred between eleven and twelve o'clock in the forenoon on August 27, 1907. Charles McGettigan, a son of the plaintiffs, aged about eight years, was standing on the sidewalk on the south side of Spring Garden street waiting for his brother who was driving up in a delivery wagon to meet him. Two street car tracks occupy the middle of the street leaving a driveway on each side about seventeen and one-half feet in width. An employee of the defendant, driving westwardly in an automobile on the north side of the street reached a point where his progress was obstructed by a wagon. A street car moving westwardly on the north track near the wagon prevented him from going forward on that track more rapidly than the street car was moving. He, therefore, turned to the south side

of the street at right angles or in a diagonal direction and having reached the driveway south of the tracks turned westwardly to continue his trip. In making the turn to the westwardly course from the line on which he crossed the street the rear part of the automobile slued and the top of it, being projected onto the sidewalk, struck the boy on the head inflicting injuries from which he died a few weeks later. The cap which he was wearing at the time was caught in the top of the automobile and carried on it to the place where the automobile was stopped, at the west side of Twentieth street, about 140 feet from the place of the accident. The roadway was dry and the boy was in plain view from the course along which the automobile was running. The speed of the machine estimated by minutes and miles was not stated, but the testimony shows that it was running rapidly. No evidence was offered for the defense and the defendant contends that the plaintiffs failed to establish the defendant's negligence. It is not suggested that any element of contributory negligence is involved, and the evidence amounts to proof that the lad's death was the result of the collision with the defendant's car. One of the plaintiffs' witnesses stated that as the driver of the machine came onto the south side of the street and turned westwardly the automobile "skidded" and struck the boy. Another witness, a brother of the boy, who was about fifty feet from the place of the accident, referring to the action of the driver of the automobile said, "He skidded across and kind of swung right in and the part that hit my brother kind of went in on the pavement." He later identified the pavement as the sidewalk. The movement which the witness described as skidding was evidently the sluing of the rear part of the machine as it made the turn to go west. There is no evidence that the wheels stopped or that there was any defect in the action of the automobile. Evidence was offered to show what would cause skidding of an automobile, and it was shown that this might occur from sudden application of the brakes or from the locking of the differential

gear which would prevent the wheels from revolving. Letting in the clutch suddenly causing the wheels to fly faster was said to be a possible cause but a very rare occurrence in dry weather. Speed in turning a corner or want of knowledge how to "take a corner" were also given as reasons for skidding. From the answers of one of the witnesses it seems clear that he had in mind both skidding, that is, the locking of the wheels, and sluing, the swinging of the rear of the vehicle out of the line of direction while the wheels were revolving. The jury evidently concluded from the testimony that the accident was caused by the swinging of the rear of the car out of its course when the driver turned from the southward to the westward direction and the evidence would justify such a conclusion. It needs no expert to show that when a sleigh or wagon or automobile moving rapidly describes a short turn there is a tendency of the rear of the vehicle to slue and by such side movement to go out of the course along which the vehicle is directed. All of the jurors had probably seen such a result, and as there was no evidence that reasonably accounted in any other way for the action of the automobile or was a probable explanation of the movement it described the verdict returned was the one to be expected. Where the cause of an accident is not known and it may with equal probability have resulted from one of several causes a jury is not permitted to guess that it had a particular cause, but where facts are exhibited adequate to produce the result and no others are shown the possibility of a cause not proved to exist does not neutralize evidence presented sufficient to account for the effect complained of. When a defendant is shown to have so driven his automobile rapidly over a part of the space allotted to the use of pedestrians as a sidewalk as to have inflicted injury on a person or property and it does not appear from the plaintiff's case that his action was without fault on his part it is incumbent on him to show that it was not practicable in the exercise of care under the circumstances to have

prevented any part of his vehicle from occupying the sidewalk space. The duty of care varies with the circumstances, and the speed which a driver of such a car might develop on an open road having a direct course might be evidence of great negligence in a locality congested by other vehicles and where as in this case it was necessary for the driver to deviate from a right line in order to continue his course at the speed which he was then developing. We think the case is not distinguishable in principle from DeKyne v. Smith, 42 Pa. Superior Ct. 11, and McCaughey v. Am. Ice Co., 45 Pa. Superior Ct. 370. In each of these cases injury was produced by the sluing of the vehicle and the question of negligence was held to be one for the jury. Prinz v. Lucas, 210 Pa. 620, is also an authority in point. There, a boy on the sidewalk was caught between the tailboard of a wagon and a post because the driver of the wagon made a sharp turn causing the tailboard to project over the edge of the sidewalk and to come in contact with the boy. Of that state of facts the court said, "Obviously it was the duty of the driver to so turn his wagon as to avoid a collision with persons or property on the pavement." No conditions were shown which made it necessary for the defendant's employee to run his machine onto the opposite side of the road and make the short turn described. He could have waited until the west-bound street car had given him an open track. It was apparently the desire to make a speedy trip which caused the injury. This was the conclusion of the jury and we think the learned trial judge of the court below was justified in submitting the case to the jury on the facts disclosed.

The judgment is affirmed.