# Neumiller *v.* The Acme Motor Car Company, Appellant.

*Negligence—Automobiles—Negligence of chauffeur.*

1. A corporation which furnishes automobiles with chauffeurs for hire at a stipulated price per hour is liable in damages for personal injuries to the hirer, resulting from the negligence of the chauffeur.

2. In an action by the hirer of an automobile against the owner to recover damages for personal injuries sustained through the alleged negligence of the chauffeur, the servant of the owner, the case is for the jury and a verdict and judgment for the plaintiff will be sustained where the evidence tended to show that the accident in clear daylight, on a broad highway over which the chauffeur had many choices of direction as well as full control of the speed of his car; that at the point of the accident there was a trolley track which extended three or four inches above the street level; that at the time of the accident the street was wet; that in going from one side of the street to the other, the course and speed of the car were such that the rear wheel caught or dragged causing the car to skid with such force that it struck the curb, ran into an overhanging limb of a tree, dismantled the car body by tearing the rear seat from the truck, and threw the occupants into the street.

Argued Nov. 14, 1911. Appeal, No. 54, Oct. T., 1911, by defendant, from judgment of C. P. Berks Co., April T., 1908, No. 15, on verdict for plaintiff in case of Blanche Neumiller v. Acme Motor Car Company. Before

184 NEUMILLER *v.* ACME M. CAR CO., Appellant.

RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Trespass to recover damages for personal injuries.  Before ENDLICH, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $500.  Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*Cyrus G. Derr*, with him *Walter B. Freed*, for appellant.— A contract whereby one person hires to another an automobile with a chauffeur does not import an undertaking with the other that the chauffeur shall not be negligent: McGregor v. Gill, 86 S. W. Repr. 318; Stanley v. Steele, 60 Atl. Repr. 640; Verner v. Sweitzer, 32 Pa. 208; Hays v. Millar, 77 Pa. 238.

*E. H. Deysher*, with him *Arthur E. I. Jackson*, for appellee.—The defendant was liable for the negligence of the chauffeur: Hershberger v. Lynch, 11 Atl. Repr. 642; Quarman v. Burnett, 6 Meeson & Welsby, 499; Laugher v. Pointer, 5 Barnewall & Cresswell, 547; Hays v. Millar, 77 Pa. 238; Morris v. Interurban St. Ry. Co., 100 N. Y. App. Div. 295 (91 N. Y. Supp. 479).

OPINION BY ORLADY, J., March 1, 1912:

The defendant is a corporation, its business being the manufacture, sale, repairing, and furnishing for hire of automobiles, and in response to a telephone call from a hotel, it furnished an automobile and chauffeur for the use of the plaintiff and her friend to take a pleasure drive from Reading to Wannamaker and to return by way of Kutztown.  While making this trip, an accident occurred which resulted in physical injuries to the ladies, and the damages they sustained have been ascertained by a verdict of a jury.

The contention of the appellant is, that under the evidence, the defendant was not a public or common carrier, and is not liable for the negligence of the chauffeur, even if his negligence caused their injuries. It concedes that there was a contract for hire and carriage but that it did not amount to more than "I will hire to you at $4.00 per hour the automobile with the chauffeur, and I guarantee the goodness of the vehicle and the competency of the driver, and nothing beyond."

The technical distinctions between private and public carriers are not material in this case. While there is no direct evidence that the defendant held itself out to carry all persons indifferently, it is admitted that a part of its business was to hire automobiles, and in this case it promptly responded to a call from a stranger for a machine to take two persons out for a scheduled drive, by sending a machine and driver of its own selection, to perform the service.

In Hays v. Millar, 77 Pa. 238, it is held that a master is responsible for the negligence of his servant in the course of his employment, without regard to the character for care or skill, except in the case of fellow servants, or of a servant employed in some independent work.

If the act is done within the scope of the servant's employment, and is done in the master's service, an action lies against the master, and he is liable even though he directed the servant to do nothing wrong. Under such circumstances, the master puts the servant in his own stead, and is bound by what he does in the effort to do the things which were committed to him. Having set in motion the agency for producing mischief he is bound at his peril to prevent mischievous results: McClung v. Dearborne, 134 Pa. 396; s. c., 8 L. R. A. 204, and notes; Hower v. Ulrich, 156 Pa. 410.

In McMahen v. White, 30 Pa. Superior Ct. 169, we held that, if the master orders the thing done, he is responsible for the manner in which the servant does it. It has been said that the rule is severe at best, but it has

also been declared with equal authority to be very important that the principle of respondeat superior should be upheld and maintained for the sake of the general security of society. At the foundation of the rule is the broad principle that every man in the management of his own affairs, whether by himself or by his agent or servant, shall so conduct himself as not to injure another.

Where the carrier is a corporation the application of the principle is simplified and its reasonableness enforced by the circumstance that a corporation can act only through its agents, and that they having charge of its business must be regarded as the corporation itself: Ardesco Oil Co. v. Gilson, 63 Pa. 146; Wilson v. Union Transfer Co., 30 Pa. Superior Ct. 70.

In the case now before us, the defendant held itself out as willing to or volunteered to hire the automobile on terms which were accepted by the plaintiff and her friend. It had the right to select the vehicle and driver and exercised that right; there was no attempt on the part of the plaintiff to affect or control the management of the machine, and it was under the absolute control of the defendant's agent or servant. The ladies were passengers for hire, and the accident was not induced by either of them, so that the negligence of the driver could not be imputed to them: Sieb v. Central Penna. Traction Co., 47 Pa. Superior Ct. 228.

Under the evidence the jury had ample authority for concluding that the accident was due to the negligence of the chauffeur.

It happened in clear daylight, on a broad highway over which the chauffeur had many choices of direction, as well as full control of the speed of his car; he knew the special risks presented by the wet street and the difficulty in crossing the rails of the trolley track, which extended three or four inches above the street level. His course and speed were such that in going from one side of the street to the other, the rear wheel of the car caught or dragged, causing the car to skid with such force that it

struck the curb, ran into the overhanging limb of a tree; dismantled the car body by tearing the rear seat from the truck, and threw the ladies into the street.

In McCaughey v. Ice Co., 45 Pa. Superior Ct. 370, we held that, where the driver of a heavy wagon made a turn on a sloping roadway at such speed that his wagon skidded and caused injury to a person standing on the pavement, the employer of the driver was responsible for his negligent act.

The like rule was applied under conditions similar to the facts now presented in Van Winckler v. Morris, 46 Pa. Superior Ct. 142; Everett v. Sturges, 46 Pa. Superior Ct. 612; Wollaston v. Park, 47 Pa. Superior Ct. 90.

The assignments of error are overruled and the judgment is affirmed.