## Obenauer *v.* Hunter, Appellant.

*Automobiles—Runaway car—Striking building—Negligence—Case for jury—Practice—Variance between allegata and probata—Statement of claim—Evidence.*

In an action of trespass to recover for damages to property of plaintiff, it appeared that defendant had left his automobile at the curb opposite to plaintiff's building. It also appeared that while defendant was in front of the car cranking it, the car began to back across the street; that defendant jumped onto the running board when the car was about half way across the street; and that the motion of the car was not arrested until after it had backed over the curb on the opposite side, across the side walk and into plaintiff's place of business.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

Where in such a case the plaintiff alleged in his statement of claim that the car was, by the defendant, "negligently and carelessly *driven* off from the paved portion of Main Street, up over the curb, across the side or footwalk in front of and adjacent to the plaintiff's said business block and into and through the display windows in said block, etc.," there is not a variance between the allegata and probata. The plaintiff was warranted, by the facts, in saying that the car was *driven* off the street.

Argued November 16, 1925. Appeal No. 332, October T., 1925, by defendant, from judgment of C. P. Bradford County, May T., 1923, No. 304, in the case of C. Obenauer to use of The Travelers Indemnity Company, a Corporation v. Oscar S. Hunter. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover for damages to a building. Before MARSH, P. J., Fourth Judicial District, Specially Presiding.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $220.67 and judgment thereon.   Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*John C. Ingham,* for appellant.

*Joseph W. Beaman,* for appellee.

HENDERSON, J., February 26, 1926:

The appellant's complaint is that the court refused to give binding instructions for the defendant and to enter judgment non obstante veredicto.   The cause of action was the alleged negligence of the defendant as a result of which his automobile backed from the curb on one side of Main street over the curb on the opposite side, across the sidewalk and into the plaintiff's place of business with a result that the glass front of the store room was broken.   The negligence charged is set forth in the fifth paragraph of the statement of claim where it is alleged that the car was being operated and was under the control of the defendant, and that it was by him "negligently and carelessly driven off from the paved portion of Main street, up over the curb, across the side or foot walk in front of and adjacent to plaintiff's said business block and into and through the display windows in said block," etc.   The evidence was that the defendant left his car at the curb for the purpose of securing a supply of gasoline, after which he went to the front of the car to crank it.   This he did not succeed in doing at the first attempt, whereupon he adjusted the "choker" to permit an increased supply of gasoline, after which he again cranked and started the engine. About a minute later, the car began to back.   The de-

fendant followed and got onto the running board when the car was about half way across the street. Its movement was not arrested however until the damage was done to the plaintiff's property. The request for binding instructions and the motion for judgment non obstante veredicto rested on a supposed contradiction between the allegation of negligence and the evidence and on the assumed lack of evidence to sustain the charge of negligence. The argument as to the allegata and probata grows out of the use of the word "driven" in the statement of claim as above quoted; the appellant contending that there was a specific charge of wilful or intended action on the part of the defendant and that the evidence in any view of the case shows nothing more than a failure of the defendant to stop the car. This is however too critical a construction of the language of the statement. It is conceded that the defendant set the engine in action. Strictly speaking, the driving was the result of the combustion of gasoline. Neither the defendant nor anyone else could understand from the averment of the statement that the defendant was the power that moved the vehicle. He was at the place however in control of the car and by his act set in motion the engine which furnished the propulsion; as a consequence of this action the car produced the injury. It is not an unwarranted use therefore of the language employed on the admitted facts to say that the car was negligently and carelessly driven off the street. The substance of the charge is that the defendant was negligent in permitting the car, the engine of which he had started and on the running board of which he was riding for a considerable distance, to intrude on the sidewalk and invade the plaintiff's premises. The affidavit of defense sets forth the defendant's understanding of the case and makes it clear

that there was no misapprehension by him at the trial in regard to the subject in controversy.

Coming then to the question of the sufficiency of the evidence to carry the case to the jury there was the fact that the car was in operation on the sidewalk and ran through the plaintiff's window. This of itself called for an explanation on the part of the owner of the car. He was on the car when it reached the curb, when it crossed the sidewalk and when it produced the damage complained of. The movement of the car was unusual, the place was not one in which automobiles were used and in the absence of any exculpatory testimony, a jury could find and should find that the person who had been managing the car and was in possession and occupancy of it at the time, was guilty of negligence. We so held in effect in Helfrich v. Gurnari, 78 Pa. Superior Ct. 449. In that case the defendant parked his car in the street and left it for about three minutes. When he returned the car had disappeared and was found about 200 feet away where it had struck the plaintiff pinning her against a telephone pole. While there was no other affirmative evidence, the occurrence was regarded as sufficient to permit the inference by the jury that the owner was negligent and a verdict was sustained on the ground that the jury should be permitted to draw the inference that the car was not left in proper condition, and that unless there was evidence which satisfied the jury that the case was purely accidental, negligence could be imputed. The same principle was applied in Mc-Gettigan v. Quaker City Automobile Co., 48 Pa. Superior Ct. 602, where a boy standing on the sidewalk was struck by the top of an automobile projecting over the sidewalk. To the same effect is Prinz v. Lucas, 210 Pa. 620. There was evidence of the declaration of the defendant immediately after the accident that he would pay the damage. With this state

of the case, the defendant endeavored to show that he was not negligent in the circumstances. He undertook to do this by the testimony of an expert as to the probable reason for the starting of the car, and he also alleged that he put on the emergency brake with a half pressure when he stopped the car to get the gasoline, which he stated was proper practice. He further testified that when he got on the running board he shut off the spark and applied the brake, but that this did not arrest the movement of the car. Evidently the credibility of the witnesses for the defendant and the reasonableness of the explanation given were for the consideration of the jury. The court could not declare on the facts that the witness had done what he alleged or that taking all the evidence into consideration he had excused himself with respect to the movement of the car. It was for the jury to say whether with the brake on at the time the car started, as alleged by the defendant, it would have made the movement with the speed described. One of the defendant's witnesses who was close to the car as it crossed the street said on cross-examination that the brake did not seem to have been applied. The oral testimony describing the situation and advancing theories as to the cause of such movement and explanatory of the inability of the defendant to stop or change the course of the car necessarily carried the case to the jury. The court was not in error therefore in the respects complained of.

The assignments are overruled and the judgment affirmed.